IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


**PEGGY JANELL CODY**                                                                                          **PLAINTIFF**

VS.                                                                           CIVIL ACTION NO. 3:05-CV-379 HTW-JCS

**PAN-AMERICAN LIFE INSURANCE COMPANY,**
**STEVEN C. SUMMERS, d/b/a SUMMERS FINANCIAL**
**GROUP, DISTRIBUTION BY DATAGEN, INC., AND**
**DEFENDANTS A, B, AND C**                                                                                      **DEFENDANTS**


### ORDER DENYING MOTION TO REMAND

Before this court is plaintiff's motion to remand [docket # 5]. Plaintiff, Peggy Janell Cody, commenced this action on May 19, 2005, in the Simpson County, Mississippi, Circuit Court. Defendants, Pan-American Life Insurance Company, Steven C. Summers, d/b/a Summers Financial Group, Distribution by Datagen, Inc., and defendants A, B, and C, subsequently removed the suit to this court on June 17, 2005. Defendants contend that federal jurisdiction is proper under Title 28 U.S.C. §§ 1331[1] and 1332.[2] Specifically, defendants contend that plaintiff's claim arises and relates to the Employment Retirement Income Security Act of 1974 ("ERISA"), Title 29 U.S.C.

---

[1] Title 28 U.S.C. § 1331 grants the district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

[2] Title 28 U.S.C. § 1332 grants the district courts original jurisdiction over those civil cases where there is diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of costs and interest.

1

§1001(b),[3] and that diversity jurisdiction under § 1332 also exists because all of the proper parties are diverse in citizenship, except defendant Steven Summers,[4] who, say defendants, was improperly joined as a defendant in an attempt to defeat diversity.

To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 573 (5th Cir. 2004).  Under the facts presented, this court cannot say that plaintiff has no reasonable possible recovery against the non-diverse defendants.

Plaintiff alleges several state law actions in an attempt to recover insurance benefits under an insurance plan which was made available to her as a possible employee of Datagen.  The defendants assert that the plaintiff's state law claims are pre-empted by ERISA and that her claims are governed exclusively by ERISA, citing Title 29 U.S.C. § 1144(a).[5]  The court is persuaded that these claims are potentially preempted by ERISA.  Therefore, this court will retain this litigation as an ERISA action, unless and until after discovery, the evidence adduced shows otherwise.  The parties

---

[3] Title 29 U.S.C. §1001(b) was passed by Congress for the express purpose of protecting "the interest of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal Courts."

[4] Steven Summers is a non-diverse defendant.

[5] ERISA's preemption clause, Title 29 U.S.C.§1144(a), states that with certain exceptions, ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ."

dispute whether plaintiff ever was an employee of Datagen.  Only as an "employee" may plaintiff be entitled to benefits under the insurance plan at issue.  The court will retain Summers in this action under the court's supplemental jurisdiction, as provided by Title 28 U.S.C. § 1367.[6]

Thus, finding that remand is not appropriate, this court hereby denies plaintiff's motion to remand.  The parties are directed to contact the assigned Magistrate Judge within ten (10) days of this Order to obtain a Scheduling Order.

**SO ORDERED AND ADJUDGED**, this the 27th day of September, 2006.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:05-cv-379 HTW-JCS
Order Denying Motion to Remand

---

[6] Title 28 U.S.C. § 1367(a) grants the district court with supplemental jurisdiction over all other claims that are so related to claims in which the court enjoys original jurisdiction.